UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | No. 2:04 CR 80 |
| ) | |
| ARTHIA LAMONT TANNER ) | |

## OPINION and ORDER

This matter is before the court on defendant Arthia Tanner's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 998.) For the reasons that follow, the motion will be denied.

I.     BACKGROUND

In April 2007, following his guilty plea, Tanner was sentenced to a 240-month term of imprisonment, to be followed by a 3-year term of supervised release, for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). (DE # 533.) Tanner is currently incarcerated at FCI Milan, in Milan, Michigan. Tanner is 48 years old and has a projected release date of March 4, 2022. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 22, 2020).

On October 5, 2020, Tanner filed a motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 998.) Tanner claims that his medical conditions – pre-diabetes, high blood pressure, high cholesterol, obesity, and sleep apnea – place him at higher risk of serious illness were he to contract COVID-19. (*Id.* at 4.) He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (*Id.*)

Tanner's medical records reveal that he is being treated with medication for his high cholesterol and high blood pressure, and uses a C-PAP machine to treat his sleep apnea. (DE # 1006-4.) His medical records also confirm that he has been diagnosed with morbid obesity and pre-diabetes. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Tanner's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Tanner may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 1000.) After reviewing Tanner's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Tanner. (DE # 1002.) The Government opposes Tanner's motion. (DE # 1004.)

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

    **1.**    **Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Tanner filed a request for compassionate release, based on his medical conditions, with the warden of his facility on June 17, 2020. (DE # 1006-9.) His request was denied more than 30 days later, on July 24, 2020. (DE # 1006-10.) Because Tanner filed the present motion after the lapse of 30 days from the receipt of his request by the warden, he has satisfied the exhaustion requirement in § 3582(c)(1)(A).

    **2.**    **Extraordinary and Compelling Reasons**

The court is only authorized to grant Tanner's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where,

3

as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* Accordingly, the court will consider Tanner's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Tanner argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity or severe obesity increases a person's risk for severe illness from COVID-19, and having high blood pressure may increase a person's risk of severe illness from COVID-19. *People with Certain*

4

*Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020). Furthermore, while the CDC reports that having Type 2 diabetes increases a person's risk for severe illness from COVID-19, *see id.*, it does not appear that the CDC has set forth the same warning regarding pre-diabetes. Likewise, it does not appear that the CDC has determined that there is an increased risk for persons with sleep apnea or high cholesterol.

While Tanner may be at an increased risk were he to contract COVID-19, the BOP has now largely controlled the spread of the virus at his prison. There was initially a large outbreak of the virus at FCI Milan, the facility where Tanner is incarcerated. The BOP reports that 144 inmates and 55 staff members have recovered from the virus, and three inmates and zero staff have died due to the virus. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Dec. 22, 2020). Currently, of the 1,221 inmates at FCI Milan, 60 inmates and 17 staff members have COVID-19. Furthermore, 593 inmates at FCI Milan have completed COVID-19 tests.

Under the circumstances, Tanner has not established an extraordinary and compelling reason warranting compassionate release. His medical conditions alone do not meet this standard, as there is no indication that his conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. Furthermore, his conditions, in light of the COVID-19 pandemic, do not justify compassionate release. While Tanner may be at

an increased risk were he to contract COVID-19, his medical records show that his condition is being monitored and treated with prescription drugs, under the supervision of health care professionals at the BOP. Moreover, it appears that the virus is being controlled at his facility. Accordingly, Taner has failed to identify an extraordinary and compelling reason for his early release from prison.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to Tanner's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for

compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 998).

**SO ORDERED.**

Date: December 23, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT